UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BREANNA ZAMORA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BRANDSAFWAY SERVICES, LLC f/k/a SAFWAY SERVICES, LLC; BRAND INDUSTRIAL SERVICES, INC.; "DOE(S) 1-100" employees of BRANDSAFWAY SERVICES, LLC and/or BRAND INDUSTRIAL SERVICES, INC.; and "CORPORATION(S) XYZ 1-100,",<br><br>Defendants. | CASE NO. 2:24-cv-01507-MJP<br><br>ORDER DENYING EXTENSION |

This matter comes before the Court on the Parties' Stipulated Motion to Continue Trial and Related Dates (Dkt. No. 27). Having reviewed the motion and the relevant record, the Court DENIES the Motion.

Rule 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); LCR 16(b)(6). "Rule 16(b)'s 'good cause'

1  standard primarily considers the diligence of the party seeking the amendment." Johnson v.
2  Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify
3  the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the
4  extension.'" Id. (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "Mere
5  failure to complete discovery within the time allowed does not constitute good cause for an
6  extension or continuance." LCR 16(b)(6).
7       The Parties here have failed to demonstrate good cause to support their request to extend
8  the remaining case deadlines by 120 days. The Parties seek to "extend all deadlines in this matter
9  by 120 days," because they "require additional time to conduct discovery in advance of trial."
10 (Mot. at 1–2.) They admit that they engaged in only "limited discovery" prior to an unsuccessful
11 mediation in late February 2025, but have since "exchanged written discovery," which has
12 required the Parties to "meet and confer several times to resolve discovery disputes." (Id.)
13 Absent from their stipulated motion is any reasonable explanation as to why discovery cannot be
14 completed before the August 25, 2025, deadline. And in any event, the Parties were previously
15 informed that "failure to complete discovery within the time allowed is not recognized as good
16 cause." (Order Setting Trial Date & Related Dates (Dkt. No. 22).) Accordingly, the Court finds
17 there to be no good cause to extend the remaining case deadlines by 120 days.
18      For the reasons noted above, the Court DENIES the Motion. The Court's denial is
19 without prejudice to a renewed motion that addresses the Court's concerns.
20      The clerk is ordered to provide copies of this order to all counsel.
21 //
22 //
23 //
24

Dated June 4, 2025.

*Marsha J. Pechman* (signature)

Marsha J. Pechman
United States Senior District Judge